ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

WILBERT THOMAS, )
)
    Plaintiff, )
)
v. ) CV 308-073
)
RALPH KEMP, Warden, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Wheeler Correctional Facility ("WCF"), in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and seeking to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A.     Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Thomas v. Haynes, Civil Case No. 592-253, doc. no. 6 (M.D. Ga. June 26, 1992) (dismissed as frivolous), *hereinafter* "CV592-253"; (2) Thomas v. Thomson, Civil Case No. 199-038, doc. no. 3 (M.D. Ga. Mar. 2, 1999) (dismissed as frivolous), *hereinafter* "CV199-038"; and (3) Thomas v. Nix, Civil Case No. 103-3358, doc. no. 3 (N.D. Ga. Nov. 18, 2003) (dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted), *hereinafter* "CV103-3358."

In each of these cases, Plaintiff filed a complaint that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, these

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Rather, Plaintiff generally complains that WCF is supposed to be a smoke-free facility, that Defendant allows tobacco products to be sold at WCF despite his complaints, and that exposure to secondhand smoke has caused him chest pain. (Doc. no. 1, pp. 5-6). In this regard, although secondhand smoke can cause health problems, Plaintiff does not allege that exposure to secondhand smoke has caused any ailments sufficiently serious or imminent to fall within the imminent danger exception. See, e.g., Critten v. Donald, Civil Action No. CV607-048, 2007 WL 3102161, at *2 (S.D. Ga. Oct. 22, 2007) (concluding that the plaintiff's complaints concerning exposure to secondhand smoke did not fall within the imminent danger exception).

In sum, none of Plaintiff's allegations support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.  **Dishonesty in Complaint**

Moreover, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff declared, under penalty of perjury, that he has not brought any lawsuits in federal court other than this action. (Id. at 2).

Of course, as noted above, Plaintiff has indeed filed several cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, CV592-253, CV199-038, and CV103-3358.[2] Simply put, Plaintiff's answers to these questions regarding his prior history of filings are improper. Not only did he fail to disclose any of his previous federal cases, but he lied, under penalty of perjury, about filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

---

[2]Notably, Plaintiff also failed to disclose that he had commenced a case that was pending in the Southern District of Georgia when he filed the above-captioned complaint. Thomas v. Kemp, Civil Case No. 308-056 (S.D. Ga. June 9, 2008).

4

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731 (citations omitted).[3]

In sum, Plaintiff cannot satisfy the dictates of the "imminent danger" exception of § 1915(g), and thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

---

[3]The court in <u>Parker</u> thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

<u>Rivera v. Parker</u>, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

5

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 21st day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE